UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDREW TSANG, on his own behalf and
others similarly situated,

    Plaintiff,

v.

THE ISLAMORADA FISHING CLUB, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, ANDREW TSANG (hereinafter referred to as "Plaintiff"), was an employee of Defendant, THE ISLAMORADA FISHING CLUB, INC. (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. In one or more work weeks during the three (3) year statute of limitations period between approximately August 2007 and the present, Plaintiff performed non-exempt cooking and related duties for Defendant in Monroe County, Florida.

3. Defendant, THE ISLAMORADA FISHING CLUB, INC., has at all times material hereto owned and/or operated a business in Monroe County, Florida, within the jurisdiction of this Court.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6. At all times material to this Complaint, THE ISLAMORADA FISHING CLUB, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of THE ISLAMORADA FISHING CLUB, INC. was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, THE ISLAMORADA FISHING CLUB, INC. has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendant's current and former employees whose primary job duties were cooking and who in one or more work weeks between March 2007 and the present have worked in excess of Forty (40) hours per week but did not receive time and a half of their regular rate of pay for all of their overtime hours worked.

10. Between approximately August 2007 and March 2010, Plaintiff regularly worked as many as six (6) days per week, Monday through Saturday, between the hours of approximately 1:00 p.m. and 10:30 p.m., averaging approximately Fifty-Seven (57) hours per week.

11. Between approximately August 2007 and March 2010, Defendant paid Plaintiff average gross weekly wages of approximately $1,050.00/week but failed to compensate Plaintiff at

a rate of time and one-half of his regular rate for all of his actual overtime hours worked. If Plaintiff is owed an average of approximately Seventeen (17) hours of overtime per week at the half-time rate of $9.21/hour ($1,050/57 hours = $18.42/2) during a total of approximately One Hundred and Twenty (120) work weeks, Plaintiff's unpaid overtime wages total approximately $18,788.40 (17 OT hours/week x $9.21/hour x 120 weeks). However, if Plaintiff is owed an average of approximately Seven (17) hours of overtime per week at the time and one-half rate of $39.38/hour ($1,050/40 hours = $26.25 x 1.5) during a total of approximately One Hundred and Twenty (120) work weeks, Plaintiff's unpaid overtime wages total approximately $80,335.20 (17 OT hours/week x $39.38/hour x 120 weeks).

12. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant between March 2007 and the present.

13. However, Defendant has not paid time and one-half wages for all of the overtime hours worked by employees similarly situated to Plaintiff in one or more work weeks between March 2007 and the present.

14. Based upon information and belief, Defendant has failed to maintain records of the actual start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees during each and every work week within the three (3) year statute of limitations period.

15. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour he worked for Defendant in excess of Forty (40) hours per work week between approximately August 2007 and the present.

18. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid by Defendant within the three (3) year statute of limitations period.

19. Defendant has knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week within one or more weeks during the three (3) year statute of limitations period.

20. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

22. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

23. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ANDREW TSANG, and those similarly situated to him who have or will opt into this action, demands judgment against Defendant, THE ISLAMORADA FISHING CLUB, INC., for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: March 31, 2010
      Boca Raton, Florida

Respectfully submitted,

_____
Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## NOTICE OF CONSENT TO JOIN

The undersigned, _ANDREW D. TSANG_ hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_[signature]_    3/20/2010
CLIENT SIGNATURE

_ANDREW D. TSANG_
PRINT NAME